AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
11/12/20
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

In the Matter of the Use of
*(Briefly describe the property to be searched or identify the person by name and address)*

Two Electronic Devices in the Custody of the Montgomery County Sheriff's Office

Case No. 3:20MJ525

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

(1) Black iPhone, serial number DNPVT3LMJCLF
(2) Black L8STAR cell phone, marked evidence control #LVN-20-0065

located in the  Southern  District of  Ohio , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1) | possession with intent to distribute/distribution of controlled substances |
| 21 USC s. 846 | conspiracy to possess with intent to distribute/distribute controlled substances |

The application is based on these facts:
See Attached affidavit of Andrew McCoy

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Andrew McCoy*
Applicant's signature

Andrew McCoy, TFO of the FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
FaceTime

Date: 11/12/20

City and state: Dayton, Ohio

*Sharon L. Ovington*
Judge's signature

Sharon L. Ovington, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT

1. I, Andrew D. McCoy, a Federal Task Force Officer (TFO) of the Federal Bureau of Investigation (FBI), United States Department of Justice, am hereinafter referred to as Affiant.

2. Affiant is a sworn law enforcement officer in the State of Ohio and has been employed by the Montgomery County Ohio Sheriff's Office for the past twenty two (22) years, serving the past nineteen (19) as a sworn Deputy Sheriff . Your Affiant is currently a deputized TFO assigned to the FBI's Southern Ohio Safe Streets Task Force (SOSSTF), Dayton Resident Agency. Your Affiant is familiar with federal criminal laws including, but not limited to, federal drug trafficking and firearm offenses.

3. This Affidavit is in support of:
    a. a search warrant for the following electronic devices as there is probable cause to believe that evidence of crimes, including violations of Title 21, United States Code, Section 841(a)(1) (knowingly and intentionally distribute and possess with intent to distribute controlled substances (particularly heroin and fentanyl)) and Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances) exists and can be found on the below described electronic devices, which is presently located in law enforcement custody within Montgomery County, Ohio:
       (1) Black iPhone, serial number DNPVT3LMJCLF
       (2) Black L8STAR cell phone, marked evidence control #LVN-20-0065

4. The information contained in this Affidavit is based upon an investigation conducted by your Affiant together with information provided by other law enforcement officers knowledgeable of the facts and circumstances involved in this matter. The Affidavit is intended to show merely that there is sufficient probable cause for the requested search warrant and does not set forth all the Affiants knowledge about this matter.

**FACTS SUPPORTING PROBABLE CAUSE**

5. In November of 2019, the Affiant was contacted by a RANGE Task Force confidential source (hereinafter referred to as "CS") in regards to two subjects trafficking large amounts of heroin and fentanyl in and around Montgomery County, Ohio. The Affiant considers this CS to be reliable, as the CS has provided information to the Affiant in the past that assisted the Affiant in obtaining several Federal search warrants, resulting in the seizure of narcotics, U.S. currency, and other drug related evidence. The CS is providing information to law enforcement in exchange for case consideration.

6. The CS identified the aforementioned drug traffickers as **Jeremy SMITH** and his girlfriend, **Brandi WRIGHT**. The CS further advised that **SMITH** is in Federal prison serving a sentence for a previous conviction, so **WRIGHT** traffics heroin and fentanyl on his behalf while he is incarcerated. The Affiant later confirmed that **SMITH** was incarcerated at the Unites States Penitentiary Leavenworth, located in Leavenworth, Kansas. The CS advised that he/she has purchased heroin and/or fentanyl directly from **SMITH** and **WRIGHT** on numerous occasions in the past. The CS stated that he/she knows **SMITH** to have a contraband cellular phone in his possession inside of the penitentiary, as he/she had spoken to **SMITH** on cellular phone number (813) 606-6178 to arrange narcotics deals during the time that **SMITH** was incarcerated. The CS stated that he/she knows **WRIGHT** to utilize cellular phone number (937) 474-7831 to conduct drug business, as he/she had spoken to **WRIGHT** on that phone number in the past to arrange narcotics deals.

7. During the week of November 18th, 2019, the Affiant directed the CS to arrange a narcotics transaction with **SMITH** and **WRIGHT**. While the CS was arranging this transaction via cellular phone, **SMITH** was being surveilled by Leavenworth Corrections Officers via the CCTV system inside of the penitentiary. **SMITH** was observed acting suspiciously during the time the narcotics transaction was being arranged, going in and out of two different cells inside of the prison, one of which he was not assigned to.

8. Once **WRIGHT** arranged a meeting place with the CS, investigators established surveillance in the area of the agreed upon meeting location, which was located on North Main Street in the City of Dayton.  A short time later, **WRIGHT** was observed operating a vehicle on North Main Street in the City of Dayton.  **WRIGHT** was stopped by Dayton Police Department Officers Schwartz and Hofacker on North Main Street near Parkwood Drive in the City of Dayton.  **WRIGHT** was found to be in possession of a plastic bag containing suspected narcotics and a black iPhone, serial number DNPVT3LMJCLF.  **WRIGHT** was taken into custody and the iPhone and suspected narcotics were seized as evidence.  The suspected narcotics were later submitted to the Miami Valley Regional Crime Laboratory for analysis and were found to be a mixture of heroin and fentanyl with a net weight of 55.87 grams (+/- 0.02 grams).

9. Once **WRIGHT** was in custody, Corrections Officers secured **SMITH** inside of the Leavenworth Penitentiary.  **SMITH** was found to have a small L8STAR cellular phone secreted inside of his rectum.  Once **SMITH** defecated the cellular phone at the request of prison staff members, the cellular phone was collected as evidence and was later sent to the Affiant via FedEx.

10. Based on training and experience, the Affiant knows that drug traffickers and drug users frequently use cellular phones to carry out their activities.  They use cellular phones to communicate with customers, their associates, and their suppliers.  It is often common for drug traffickers to have multiple phones because certain phones may be used only for certain purposes.  For instance, a trafficker may use one phone just to speak to his supplier, while using a different phone to speak only to his customers.  This is a counter-surveillance technique intended to make it harder for law enforcement to identify the user of the phones and his associates.  Traffickers commonly use prepaid cellular phones to hide their identity as the user because they generate no billing information, often require little to no identifying information to activate, can sometimes be activated using an alias,

and can be easily disposed of should the trafficker believe that law enforcement has identified the phone number.

11. The Affiant also knows that traffickers commonly text message each other or their customers, such as meeting locations, prices, and other information needed to carry out the sale of drugs (sometimes in code).  They commonly store phone numbers for their associates and customers in the electronic phone book/contacts list, often under alias or code names.  The Affiant knows that traffickers will sometimes use the cellular phone to take photographs or videos of themselves, their location, their product, their firearms or their associates, which can be electronically stored on the cellular phone.  Information can also be downloaded from the internet onto the cellular phone, such as email, social network information (like "Facebook"), travel information like maps or directions, or photographs.   Call data, such as missed calls, received calls, or dialed calls are often electronically stored in the cellular phone.  The information electronically stored on a phone can also be evidence of who possessed or used a cellular phone at a given time, can contain direct evidence of drug trafficking acts, and can help identify drug trafficking locations or associates.  Affiant is aware that there are tools to extract electronic data from a cellular phone so that law enforcement can review it for items of evidentiary value.

12. The Affiant believes that the electronic devices seized from **SMITH** and **WRIGHT** may contain phone numbers, text messages, and other electronically stored information related to the possession, supply, and use of the above described narcotics.   Therefore, the Affiant requests a search warrant be issued so that investigators can retrieve the electronic data from the phones listed above.

13. Based on the foregoing, I believe that there is probable cause to issue

    a.     a search warrant for the following electronic device as their probable cause to believe that evidence of crimes, including violations of Title 21, United States Code, Section 841(a)(1) (knowingly and intentionally distribute and possess with intent to distribute controlled substances (particularly heroin and fentanyl)) and Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances) exists and can be found on the below described electronic devices, which are presently located in law enforcement custody within Montgomery County, Ohio:

    (1)     Black iPhone, serial number DNPVT3LMJCLF
    (2)     Black L8STAR cell phone, marked evidence control #LVN-20-0065

*Andrew McCoy*
Andrew D. McCoy
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me on the __12th__ day of November, 2020.

Sharon L. Ovington
United States Magistrate Judge

ATTACHMENT A

**ITEMS TO BE SEIZED**

Evidence of a crime—namely, violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute and to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances).  Items to be seized include, but are not limited to, the following documents, digital media, electronic data and records:

1. Call histories, voicemails, contacts or other call logs and information relating to or concerning drug trafficking activity or the sale of illegal drugs including, but not limited to: drug quantities; drug prices; drop locations for money or narcotics; the location of stash houses or bank accounts; the identity or contact information for coconspirators; the purchase, possession or acquisition of assets such as cars, homes, or jewelry; directions to meeting locations.

2. Text messages, SMS, or other written communications or information concerning or relating to the trafficking or distribution of narcotics, including, but not limited to: drug quantities; drug prices; drop locations for money or narcotics; the location of stash houses or bank accounts; the identity or contact information for coconspirators; the purchase, possession or acquisition of assets such as cars, homes, or jewelry; directions to meeting locations.

3. Photographs, videos or other electronic media relating to or depicting the trafficking or distribution of illegal drugs, including, but not limited to:  firearms, bulk cash, illegal drugs, associates or other coconspirators, homes or potential stash houses.

4. Financial information, including, but not limited to, bank account information, wire transfer information, or other information in any form relating to the movement of currency or cash.

5. Evidence of user attribution, including any matter establishing indicia of ownership or use of the cellular telephones, including, but not limited to, photographs, videos, text messages, contacts, call history, logs, phonebooks, saved usernames and passwords, documents, and browsing history.

6. GPS history or applications that have map functions or provide driving directions, which may provide information relating to the location of stash houses or the locations of conspirators.

7. Records evidencing the use of any Internet Protocol address to communicate with any website, including records of Internet Protocol addresses used and records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.